United States District Court
Southern District of Texas
**ENTERED**
February 22, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES EDWARD HILL, <br> TDCJ #1236586, <br><br> Petitioner, <br><br> v. <br><br> BOBBY LUMPKIN, Director,[1] <br> Texas Department of Criminal <br> Justice - Correctional <br> Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § | CIVIL ACTION NO. H-21-0240 |

## MEMORANDUM OPINION AND ORDER

State inmate James Edward Hill (TDCJ #1236586) has filed a Petition For a Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1) to challenge a judgment of conviction that was entered against him in 2004. He has also filed a Motion Requesting For a [sic] Evidentiary Hearing (Docket Entry No. 2), and a Memorandum of Law in Support of Application For a Writ [of] Habeas Corpus By a Person in State Custody ("Memorandum") (Docket Entry No. 3). After considering all of the pleadings and the applicable law pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts, this case will be dismissed for the reasons explained below.

---

[1]The petitioner lists Bryan Collier, who serves as Executive Director of the Texas Department of Criminal Justice ("TDCJ"), as the respondent. The court substitutes Director Bobby Lumpkin of the TDCJ - Correctional Institutions Division as the state official having custody of the petitioner pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

## I. Background

On May 6, 2004, a jury in the 182nd District Court of Harris County, Texas, found Hill guilty of aggravated robbery in Cause No. 958571 and sentenced him to 40 years' imprisonment.[2] The conviction was affirmed by an intermediate court of appeals, which rejected Hill's claims that (1) his custodial statement was admitted in error, (2) the evidence was factually insufficient; and (3) the trial court erred by not allowing him to impeach a State's witness with prior convictions. See Hill v. State, No. 14-04-00479-CR, 2005 WL 2455199, at *1-2 (Tex. App. — Houston [14th Dist.] Oct. 6, 2005, no pet.). Hill did not pursue discretionary review with the Texas Court of Criminal Appeals.[3]

"On or about May 2020" Hill filed an application for a state writ of habeas corpus with the trial court.[4] The Texas Court of Criminal Appeals summarily dismissed that application on September 16, 2020, "for non-compliance with [Tex. R. App. P.] 73.1."[5]

In a federal habeas Petition that is dated January 13, 2021, Hill now contends that he is entitled to relief from his conviction under 28 U.S.C. § 2254 for the following reasons:

1. The State failed to prove that he was the person who threatened imminent bodily injury to the

---

[2]Petition, Docket Entry No. 1, pp. 2-3, 6.

[3]Id. at 3.

[4]Id. at 3-4.

[5]Id. at 4.

>   complainant by using a deadly weapon as alleged in the indictment (Ground 1).
>
> 2.  The State failed to present "non-accomplice evidence tending to convict him" of the charged offense (Ground 2).
>
> 3.  The warrant for his arrest lacked probable cause and was legally invalid (Ground 3)
>
> 4.  He was denied effective assistance of counsel (Ground 4).[6]

Hill states that all four grounds are presented for the first time in his federal Petition,[7] which means that he has not exhausted state court remedies as required by presenting his claims before the Texas Court of Criminal Appeals in a procedurally proper manner.[8] See 28 U.S.C. § 2254(b). More importantly, the Petition is untimely under the governing one-year statute of limitations that applies on federal habeas review.

---

[6] Id. at 6-11; Memorandum, Docket Entry No. 3, pp. 1-9.

[7] Id. at 12.

[8] Even if Hill included these claims in his state habeas corpus application, by Hill's own admission the Texas Court of Criminal Appeals dismissed that application without reaching the merits because his pleadings did not comply with Tex. R. App. P. 73.1. See Petition, Docket Entry No. 1, p. 4. Because the application was not properly filed in compliance with state procedure it fails to satisfy the exhaustion requirement. See Broussard v. Thaler, 414 F. App'x 686, 688 (5th Cir. March 1, 2011) (per curiam) ("Under Texas law, compliance with the requirements of Rule 73.1 is a prerequisite to consideration of the merits of an applicant's claims.")(citing Ex parte Blacklock, 191 S.W.3d 718, 719 (Tex. Crim. App. 2006)); Hazlip v. Davis, No. H-16-cv-0607, 2017 WL 4280727, at *4 (Sept. 27, 2017) (observing that the Texas Court of Criminal Appeals "requires compliance with Texas Rule of Appellate Procedure 73.1, which specifies how to raise grounds for relief") (citation omitted).

## II. Discussion

### A. The One-Year Statute of Limitations

This action is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), which established a one-year statute of limitations on federal habeas review. The applicable limitations period, which is found in 28 U.S.C. § 2244(d), provides as follows:

> (d)(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The Petition submitted by Hill sets out the AEDPA statute of limitations in full, giving notice and an opportunity to explain why this action is not barred by 28 U.S.C.

§ 2244(d).[9] See Day v. McDonough, 126 S. Ct. 1674, 1684 (2006) (noting that a court must assure that the parties have "fair notice and an opportunity to present their positions" before dismissing a pro se petition as barred by limitations).

Hill challenges a judgment of conviction that was entered against him on May 6, 2004, and affirmed on direct appeal on October 6, 2005. See Hill v. State, No. 14-04-00479-CR, 2005 WL 2455199 (Tex. App. — Houston [14th Dist.] Oct. 6, 2005, no pet.). Because Hill did not file a petition for discretionary review, his conviction became final thirty days later on November 6, 2005, when his time to do so expired. See Tex. R. App. P. 68.2(a); see also Gonzalez v. Thaler, 132 S. Ct. 641, 653-54 (2012) (clarifying that for petitioners who do not seek certiorari review with the Supreme Court a judgment becomes "final" for purposes of the AEDPA when the time for seeking direct review, either in the Supreme Court or in state court, expires). That date triggered the statute of limitations under § 2244(d)(1)(A), which expired one year later on November 6, 2006. The pending federal Petition, which was executed by Hill on January 13, 2021, is more than fourteen years late and is therefore time-barred unless a statutory or equitable exception applies.

B.  **Neither Statutory Nor Equitable Tolling is Available**

A habeas petitioner may be entitled to statutory tolling under 28 U.S.C. § 2244(d)(2), which provides that the time during which

---

[9]See Petition, Docket Entry No. 1, p. 13.

a "properly filed" application for state habeas corpus or other collateral review is pending shall not be counted toward the limitations period. Hill filed a state habeas corpus application in May 2020, and the Texas Court of Criminal Appeals dismissed it September 16, 2020, for failure to comply with procedural rules.[10] The application does not toll the statute of limitations under § 2244(d)(2) because it was filed well after the limitations period expired. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

The pleadings do not disclose any other basis for statutory tolling. Hill does not identify any state-created impediment to seeking review. See 28 U.S.C. § 2244(d)(1)(B). None of his claims are based on a constitutional right that has been newly recognized by the Supreme Court. See 28 U.S.C. § 2244(d)(1)(C). Likewise, he does not demonstrate that his allegations are based on a "new factual predicate" that could not have been discovered previously if he had acted with due diligence. See 28 U.S.C. § 2244(d)(1)(D).

The statute of limitations may be tolled for equitable reasons, but the Supreme Court has emphasized that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814 (2005)). Hill

---

[10] See Petition, Docket Entry No. 1, pp. 4-5.

offers no explanation for his lengthy delay in seeking habeas relief, and the chronology outlined in the Petition does not demonstrate that he has pursued his rights with the requisite diligence. "[E]quity is not intended for those who sleep on their rights." Manning v. Epps, 688 F.3d 177, 184 (5th Cir. 2012) (alteration in original) (quoting Mathis v. Thaler, 616 F.3d 461, 474 (5th Cir. 2010); and In re Wilson, 442 F.3d 872, 875 (5th Cir. 2006)). Because the pleadings do not disclose a valid basis for tolling the statute of limitations, this action will be dismissed as untimely filed.

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional

right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604. Because jurists of reason would not debate whether the Petition was properly dismissed, a certificate of appealability will not issue in this case.

### IV. Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1. The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody filed by James Edward Hill (Docket Entry No. 1) is **DISMISSED with prejudice**.

2. Hill's Motion Requesting For a Evidentiary Hearing (Docket Entry No. 2) is **DENIED**.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the petitioner.

**SIGNED** at Houston, Texas, on this 12th day of February, 2021.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE